UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARLA M. SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-09-305-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on January 7, 2011 (Ct. Rec. 18, 22). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Nancy A. Mishalanie represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On August 30, 2010, plaintiff filed a reply (Ct. Rec. 24). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**Ct. Rec. 22**) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 18).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) on November 16, 2007, alleging disability beginning July 6, 2007 (Tr. 118-

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

124). The applications were denied initially and on reconsideration (Tr. 81-84, 91-94).

At a hearing before Administrative Law Judge (ALJ) R. S. Chester on June 9, 2009, plaintiff, represented by counsel, and a vocational expert testified (Tr. 36-69). On June 26, 2009, the ALJ issued an unfavorable decision (Tr. 16-29). The Appeals Council denied Ms. Scott's request for review on September 8, 2009 (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 1, 2009 (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Plaintiff was 36 years old at the hearing (Tr. 38). She left school in the tenth or eleventh grade and earned a GED in 2001. She is divorced and lives with her two children, ages 22 months and nine years at the time of the hearing (Tr. 39, 56, 181, 263, 384). Her daughter has several health problems requiring close monitoring (Tr. 55-56). Plaintiff last worked in July 2007 as an assistant manager at a dry cleaning business (Tr. 44, 145). She has worked as a daycare aide, cashier, launderer, furniture refinisher, telemarketer, and office assistant (Tr. 42, 61-63, 134, 145, 177, 263). Plaintiff testified walking is very painful and requires using a prescribed cane. She has pain in her back, hips, leg, knees, neck, and left shoulder blade (Tr. 44-46, 52,

57). She suffers depression ("a little depressed")(Tr. 52) but no one has recommended mental health counseling (Tr. 57). Plaintiff can walk 1-2 blocks, sit 20-30 minutes, stand 10 minutes, and lift ten pounds or less (Tr. 47, 49). She is unable to squat, drives only when necessary, reads with her children, and naps twice daily for two hours total. Pain causes sleep problems (Tr. 48, 50-52, 136).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,

1 the decision maker proceeds to step two, which determines whether
2 plaintiff has a medically severe impairment or combination of
3 impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).
4   If plaintiff does not have a severe impairment or combination
5 of impairments, the disability claim is denied. If the impairment
6 is severe, the evaluation proceeds to the third step, which
7 compares plaintiff's impairment with a number of listed
8 impairments acknowledged by the Commissioner to be so severe as to
9 preclude substantial gainful activity. 20 C.F.R. §§
10 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P,
11 App. 1. If the impairment meets or equals one of the listed
12 impairments, plaintiff is conclusively presumed to be disabled.
13 If the impairment is not one conclusively presumed to be
14 disabling, the evaluation proceeds to the fourth step, which
15 determines whether the impairment prevents plaintiff from
16 performing work which was performed in the past. If a plaintiff is
17 able to perform previous work, that Plaintiff is deemed not
18 disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
19 this step, plaintiff's residual functional capacity (RFC)
20 assessment is considered. If plaintiff cannot perform this work,
21 the fifth and final step in the process determines whether
22 plaintiff is able to perform other work in the national economy in
23 view of plaintiff's residual functional capacity, age, education
24 and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),
25 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).
26   The initial burden of proof rests upon plaintiff to establish
27 a *prima facie* case of entitlement to disability benefits.
28 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

*Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found plaintiff is insured through December 31, 2012 for DIB purposes (Tr. 16, 18). At step one he found Ms. Scott has not engaged in substantial gainful activity since onset (Tr. 18). At steps two and three, he found she suffers from degenerative disc disease (DDD) of the cervical and lumbar spine, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 18, 21). The ALJ found

plaintiff less than fully credible (Tr. 24) and assessed an RFC for a range of light work (Tr. 21-22). At step four, he found she is able to perform her past work as a cashier, call center clerk, office helper, and teacher's aide (Tr. 27). The ALJ found plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 29).

**ISSUES**

Plaintiff contends the Commissioner erred when he weighed the evidence of mental and physical impairment, specifically the opinions of examining professionals Dennis Pollack, Ph.D., and Paul Michels, M.D., and reviewing professional Mary Gentile, Ph.D. She alleges the ALJ's credibility assessment is flawed. *See* Ct. Rec. 19 at 10-14, 24 at 1-3 (opinion evidence); Ct. Rec. 19 at 1-15, 24 at 3-4 (plaintiff's credibility).

Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 14).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity

of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Mental impairment**

Plaintiff alleges the ALJ failed to properly weigh the June 2009 opinion of examining psychologist Dr Pollack, as well as the December 2005 opinions of examining psychiatrist Dr. Michels and reviewing psychologist Dr. Gentile (Ct. Rec. 19 at 11-13; Tr. 242-258; 260-266). According to the Commissioner, the ALJ (1) properly rejected Dr. Pollack's opinion because it is based on plaintiff's unreliable self-report and unsupported by clinical evidence; (2) was not required to discuss evidence of no probative value, including the 2005 opinions rendered more than a year and a half before onset on July 6, 2007; (3) could find plaintiff's failure to allege disability based on a mental impairment[1] meant Ms. Scott did not consider it severe, and (4) relied on plaintiff's testimony mental health counseling has not been recommended (Ct. Rec. 23 at 11-14).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 24). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific

---

[1] *See e.g.*, Tr. 212 (plaintiff asserts she cannot work due to low back and knee pain); Tr. 221 (same).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9 -

cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ gave several reasons for his credibility assessment, including Ms. Scott's inconsistent statements, lack of medical treatment, and activities inconsistent with claimed impairment (Tr. 24-27).

Contrary to her complaints, on March 3, 2008, plaintiff's single physical therapy session revealed she could sit for 15 minutes, frequently lift and carry a child less than a year old, and ride a stationary bike for 10 minutes (Tr. 23, Exhibit 5F). She was seen six days later in the emergency room. Notes reveal "no deformity or tenderness. No CVA tenderness or percussion" (Tr. 23, Exhibit 15F/3). Subsequent ER visits show requests for pain medication, refusing physical therapy, and [despite alleging being "quite depressed"] good mental health presentation (Tr. 23, 261, Exhibit 16F). Plaintiff states she was medically prescribed a cane, but the evidence does not support her claim (Tr. 24). She told Dr. Michels she does and does not have problems with focus

and concentration (Tr. 261).

The ALJ observes plaintiff's allegedly disabling pain is undermined by her daily activities throughout the relevant period, including caring for two young children, cooking, cleaning, doing laundry, washing dishes, driving her son to school, shopping, going out with friends, and visiting her son at school (Tr. 24; Tr. 134-138). The ALJ's reason is clear, convincing, and supported by substantial evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ considered plaintiff's lack of mental health treatment, failure to follow through with prescribed treatment (including physical therapy), and lack of supporting objective medical evidence when he assessed her credibility. At the December 2005 evaluation, Dr. Michels notes plaintiff was not receiving mental health treatment (Tr. 258). A treatment provider observes plaintiff only went to physical therapy twice and did not seek treatment for an unexplained seven month period (Tr. 378-379, 381). Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment is a relevant factor when assessing credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). As noted, noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek

medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair*, 885 F.2d at 603.

The ALJ failed to fully credit Dr. Pollack's contradicted opinion in part because it is based on plaintiff's unreliable self-report and lacks supporting clinical evidence (Tr. 20, 26, Exhibit 17F). Dr. Pollack diagnosed a pain disorder associated with both psychological factors and a general medical condition. He notes complaints of major depressive disorder, recurrent and moderate, and possible post traumatic stress disorder (PTSD) (Tr. 388-389). He assessed a GAF of 60 indicating some moderate symptoms or difficulties in social, occupational or school functioning[2]. Dr. Pollack opined plaintiff is moderately limited in the ability to perform activities within a schedule and markedly limited in the ability to complete a normal workday (Tr. 391). Ms. Scott told Dr. Pollack she can drive for 30-45 minutes, cares for her 21 month old daughter and 9 year old son, takes her son to the bus stop daily, and picks him up if she is able (Tr. 384-386).

Dr. Pollack administered several tests. His assessed limitations nonetheless appear based at least in part on plaintiff's unreliable complaints. The ALJ notes the evidence does not support ongoing problems caused by a pain disorder or depression, including plaintiff's own statements she does not suffer from a mental impairment (Tr. 20, 322 - denies depression, November 6, 2007).

In addition, the ALJ notes treatment provider Art Flores,

---

[2] Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. at p. 32(DSM IV)(2005).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 12 -

PAC, concluded after examination in May 2008 both distraction and overreaction "responses were suggestive to non-organic factors" (Tr. 24, Exhibit 16F). More weight is given to a treating than an examining source. *See Lester v. Chater*, 81 F.3d at 830 (9th Cir. 1995).

The ALJ's reasons are specific, legitimate and supported by the record. An opinion of disability premised to a large extent on the claimant's own accounts of his or her symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995), citing *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1463-1464 (9th Cir. 1995). When evaluating conflicting opinions, an ALJ need not accept the opinion of a doctor [or psychologist] if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ was not required to discuss the 2005 opinions of Drs. Michels and Gentile well before onset. The ALJ is required to discuss probative evidence, that is, evidence pertaining to the relevant time frame. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984)(ALJ is only required to explain reasons for rejecting significant probative evidence).

The ALJ properly weighed the evidence of Ms. Scott's mental limitations as well as her credibility.

**C. Physical impairment**

Plaintiff alleges the ALJ should have found her more physically limited. She offers no argument to support the allegation. Her briefing is thus insufficient to raise a claim

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 13 -

with respect to physical limitations. *See e.g., Kohler v. Inter-Tel Technologies*, 244 F.3d 1167, 1182 (9th Cir. 2001)("bare assertion of an issue does not preserve a claim").

The ALJ considered plaintiff's credibility when he weighed the evidence of physical limitation. Notably, plaintiff did not undergo physical therapy as directed (Tr. 378). The ALJ observes plaintiff's complaints of chronic pain and weakness are not supported by medically acceptable imaging, and the cane she uses has not been medically prescribed or recommended (Tr. 24, 285). Dr. Michels notes a July 2005 cervical x-ray is normal. A lumbar MRI shows only mild central stenosis with small disk protrusions (Tr. 260, 285). The ALJ points out an examination about four months after onset, in November 2007, reveals normal strength and range of motion on testing with "no significant or abnormal findings." (Tr. 23, Exhibit 2F). In December 2007 Mr. Flores notes he has not seen plaintiff in more than a year (Tr. 335). In March 3, 2008 she denies taking pain medication (Tr. 337).

While subjective pain testimony cannot be rejected solely on the ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 404.1529(c)(2).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial

evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 22)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 18)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 4th day of January, 2011.

s/ James P. Hutton  
JAMES P. HUTTON  
UNITED STATES MAGISTRATE JUDGE